IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCES, CO. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PACIFIC MACHINERY, INC., | ) | No. 03-1906C |
| | ) | ( Judge Block) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows.

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. Admits allegations contained in paragraph 6 to the extent that the Navy leased a 131" manlift, Grove Model Mo. AMZ131XT, Serial No. 46173 from Pacific Machinery; otherwise denies the remainder of the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited contract, which is the best evidence of its contents; denies that the contract number was N00604-99-T-A217; avers that the contract number was N00604-00-P-A015.

10. Admits; denies that the contract number was N00604-99-T-A217; avers that the contract number was N00604-00-P-A015.

11. Admits that allegations contained in paragraph 11 to the extent supported by the cited contract, which is the best evidence of its contents; denies that the contract number was N00604-99-T-A217; avers that the contract number was N00604-00-P-A015.

12. The statement contained in paragraph 12 is an allegation of fact, to which no response is required; admits the existence of the contract, modifications and revisions to the extent supported by such documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 that Mr. Leroy Fujji was an employee of the Pearl Harbor Naval Shipyard and that he was operating a manlift on May 20, 2000; otherwise denies the remainder of the allegations in paragraph 13 because they are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits that allegations contained in paragraph 14 to the extent that Mr. Fujii died on May 20, 2000, following an accident involving the manlift; denies the remainder of the allegations in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the cited claim, which is the best evidence of its contents; otherwise denies the remainder of the allegations in paragraph 17.

18. Admits the allegation contained in paragraph 18 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegation contained in paragraph 19 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

20. The allegation contained in paragraph 20 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiffs' characterization of their case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied for lack of knowledge.

24. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 23, or to any relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

OF COUNSEL:

ELIZABETH RIVERA
Department of the Navy
Office of the General Counsel
1942 Gaffney St., Suite 100, Code 03
Pearl Harbor, HI 96860-4549

November 18, 2003