**UNITED STATES COURT OF FEDERAL CLAIMS**

**CIVIL ACTION NO. 03-1906C**

AMERICAN HOME ASSURANCE COMPANY :
as Subrogee of Pacific Machinery, Inc. :
900 Dominion Towner :
625 Liberty Avenue :
Pittsburgh, PA 15222 :

and

PACIFIC MACHINERY, INC. :
94-025 Farrington Highway :
Waipahu, Hawaii 96797-2201 :

Plaintiffs

v.

UNITED STATES OF AMERICA
(Department of Navy, Fleet and Industrial Supply Center)
1942 Gaffney Street
Suite 100
Pearl Harbor, Hawaii 96880-4549

and

(Pearl Harbor Naval Shipyard)
667 Avenue E, Suite 100
Pearl Harbor, Hawaii 96860-5033

Defendant

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules for this Court, below please find the Joint Preliminary Status Report as agreed to among counsel for the above referenced lawsuit.

## 1. DOES THE COURT HAVE JURISDICTION OVER THIS ACTION?

POSITION OF AMERICAN HOME ASSURANCE COMPANY:

Yes

POSITION OF THE UNITED STATES OF AMERICA:

Not sure. Government anticipates raising a jurisdictional defect with regard to whether plaintiff, America Home Assurance Company, is a proper party to this lawsuit. Specifically, the United States of America anticipates arguing that the plaintiff is not a proper party to this lawsuit because there is no privity of contract between American Home and the United States of America.

## 2. SHOULD THE CASE BE CONSOLIDATED WITH ANY CASE AND THE REASONS THEREFOR?

POSITION OF AMERICAN HOME AND UNITED STATES OF AMERICA:

No.

## 3. SHOULD TRIAL OF LIABILITY AND DAMAGES BE BIFURCATED AND THE REASONS THEREFOR?

POSITION OF AMERICAN HOME AND UNITED STATES OF AMERICA:

No.

## 4. SHOULD FURTHER PROCEEDINGS IN THIS CASE BE DEFERRED PENDING CONSIDERATION OF ANOTHER CASE BEFORE THIS COURT OR ANY OTHER TRIBUNAL AND THE REASONS THEREFOR?

Counsel is aware of a consolidated case concerning similar issues to the one before the Court, which is captioned Kyong Fujii, et al. v. Grove Worldwide, et al., Civil No.: 01-1-0494-02 and Steven Fujii v. Grove Worldwide, et al., Civil mNo.: 02-1-0432-02, which is currently in the Circuit Court of the First Circuit, State of Hawaii. The parties in the State of Hawaii consolidated case are conducting discovery and discovery is expected to continue through May 2004.

**5. IN CASES OTHER THAN TAX REFUND ACTIONS, WILL A REMAND OR SUSPENSION BE SOUGHT AND THE REASONS THEREFOR AND THE PROPOSED DURATION.**

POSITION OF AMERICAN HOME AND UNITED STATES OF AMERICA:

No.

**6. WILL ADDITIONAL PARTIES BE JOINED AND, IF SO, A STATEMENT DESCRIBING SUCH PARTIES, THEIR RELATIONSHIP TO THE CASE, AND THE EFFORTS TO EFFECT JOINDER AND A SCHEDULE PROPOSED TO EFFECT JOINDER?**

POSITION OF AMERICAN HOME AND UNITED STATES OF AMERICA:

No.

**7. DOES EITHER PARTY INTEND TO FILE A MOTION PURSUANT TO R.C.F.C. 12(B), 12(C) OR 56 AND, IF SO, A SCHEDULE FOR THE INTENDED FILING?**

American Home intends to file a RCFC 12(c) Motion for Judgment on the Pleadings sometime within the next 3 months.

United States of America may possibly file a RCFC 56 Motion for Summary Judgment based upon the jurisdictional defect raised in Question #1 to this Statement.

**8. WHAT ARE THE RELEVANT, FACTUAL AND LEGAL ISSUES.**

All parties agree that the legal issues involved, speaking broadly, are as follows:

1. Did the United States of America breach its contract with Pacific Machinery, Inc.?

2. Is there a causal connection between any alleged breach of contract by the United States of America and the actual damage done to the manlift owned by Pacific Machinery?

3. What are the actual damages sustained by the manlift?

The factual issues involved are as follows:

1. With regard to the breach, what are the obligations and requirements of both the United States of America in carrying out its end of the contract with Pacific Machinery?

2. With regard to whether there is a connection between the breach and the damage done to the manlift, whether the United States of America fulfilled its obligations and requirements under the contract?

3. With regard to damages, what is the actual amount of monies extended to replace the value of the manlift?

**4. WHAT IS THE LIKELIHOOD OF SETTLEMENT?**

Position of American Home Assurance Company:

American Home is amenable to settlement.

Position of United States of America:

USA is not amenable to settlement.

**5. IS ALTERNATIVE DISPUTE CONTEMPLATED?**

Position of American Home Assurance Company:

American Home is amenable to mediation.

Position of United States of America:

USA is not inclined toward mediation.

**6. DO THE PARTIES ANTICIPATE PROCEEDING TO TRIAL?**

Yes.

12. **DOES ANY PARTY, OR DO THE PARTIES JOINTLY, REQUEST EXPEDITED TRIAL SCHEDULING AND, IF SO, THE REASONS WHY THE CASE IS APPROPRIATE THEREFORE?**

As was alluded in the parties' response to Question #4, the parties do not believe that discovery can be accomplished within 90 days and also both parties may be pursuing a dispostive Motion.

**7. ARE THERE SPECIAL ISSUES REGARDING ELECTRONIC CASE MANAGEMENT NEEDS?**

Both parties do not anticipate any special electronic Case Management needs arising with the filing of their Motions.

**8. IS THERE OTHER INFORMATION OF WHICH THE COURT SHOULD BE AWARE AT THIS TIME?**

No.

Respectfully submitted,

BY:_Nicholas G. Karambelas_____
NICHOLAS G. KARAMBELAS
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20004
Tel. (202) 661-4614
FAX (202) 363-2882

BY:_Michael F. Bahler____
MICHAEL F. BAHLER
Attorney, Commercial Branch
Civil Division
Department of Justice
Attention: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-3020