IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1906C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(d) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits Defendant's Proposed Findings of Uncontroverted Fact.

1. On October 1, 1999, the United States Department of the Navy ("Navy") awarded Contract No. N00604-00-P-A015 to Pacific Machinery for the rental of one 131' manlift ("CLIN 0001"), and one 106' manlift ("CLIN 0002"), from October 1, 1999, through September 30, 2000, at the Pearl Harbor Naval Shipyard in Pearl Harbor, Hawaii. Def. App. 1-4.[1] The contract expressly incorporated the terms of Solicitation No. N00604-99-T-A217, issued by the Navy on September 29, 1999, as well as Pacific Machinery's reply quote, dated September 29, 1999. Def. App. 2.

2. In the contract's "Rental" clause, the parties agreed that,

> [n]o rent shall accrue with respect to any property furnished by the Contractor which the Contracting Officer determines is not of satisfactory quality or in good operating condition, under the terms of the clause entitled 'Condition of the Rented Property', unless and until such property is replaced or the . . . defects are corrected. No rent shall accrue with respect to any property . . . during any period

[1] "Compl. ¶ ___" refers to a paragraph of the complaint filed on August 11, 2003. "Def. App. ___" refers to a page within defendant's appendix.

> when such property is unusable as a result of the failure of the Contractor to render services in connection with operation and maintenance of the equipment as hereinafter required.

Def. App. 9.

3. The "Condition of Rented Property" clause of the contract provided that, "[t]he contractor shall furnish rented property which is of good quality and in first-class operating condition, and the Government shall promptly inspect and accept or reject said property." Def. App. 9. The contract further provided that, "[e]xcept for reasonable wear and tear, the Government agrees to return the rented property in as good condition as when received, provided, however, if the rented property is operated by an employee of the contractor, the Government shall not be liable for damage to the rented property incident to such operation." Def. App. 10.

4. On October 27, 1999, the contracting officer issued modification number one to the contract, deleting clause 52.232-18 regarding the availability of funds. Def. App. 37.

5. On December 17, 1999, Pacific Machinery and the Navy executed modification number two, a bilateral modification cancelling CLIN 0002, the rental of one 106' manlift, from the contract, effective December 15, 1999. Def. App. 38.

6. On December 23, 1999, Pacific Machinery and the Navy executed modification number 3, a bilateral modification adding the rental of one 131' manlift ("CLIN 0004") to the contract from January 1, 2000, through September 30, 2000, as well as hauling fees for the 131' manlift ("CLIN 0005"). Def. App. 40-42. CLIN 0004 provided that Pacific Machinery would lease to the Navy one self-propelled aerial work platform, or manlift, Grove Model AMZ131XT, Serial Number 46173. Compl. ¶ 6; Def. App. 41.

7. The manlift added to the contract as CLIN 0004 was previously leased to the Navy under separate contracts. The Navy rented the Grove Model AMZ131XT, Serial Number 46173, from August 30, 1999, through October 29, 1999, pursuant to Contract No. N00-604-99-P-E358. Def. App. 64.

8. On August 30, 1999, Pacific Machinery delivered the Grove Model AMZ131XT, Serial Number 46173, to the Pearl Harbor Naval Shipyard, citing Contract No. N00-604-99-P-E358 upon the delivery invoice. Def. App. 57. Upon delivery, Nephi Akina, a shipyard planner, signed Pacific Machinery's invoice for receipt of the manlift. Id.

9. Pacific Machinery continued to lease the Grove Model AMZ131XT, Serial Number 46173, to the Navy from November 1, 1999, through December 31, 1999, pursuant to Contract No. N00604-00-P-A263. Def. App. 64.

10. On January 1, 2000, the Government rented the Grove Model AMZ131XT, Serial Number 46173, from Pacific Machinery pursuant to the contract at issue in this case. Def. App. 40-41.

11. On May 20, 2000, Leroy Fujii, a naval employee, was killed in an accident while operating the manlift provided in CLIN 0004 of the contract, the Grove Model AMZ131XT, Serial Number 46173. Compl. ¶¶ 13, 14. As a result of the accident, the manlift was damaged. Id.

12. On July 14, 2000, Pacific Machinery and the Navy executed modification number 4, a bilateral modification terminating the remaining 4-month rental period for one 131' manlift and, accordingly, reducing the total contract price by $36,000.00. Def. App. 44-45. Mod. 4 also included language providing that Pacific Machinery "releases, remises, and forever discharges

the Government of and from all manner of actions . . . which the contractor ever had, now has, and may have . . . arising out of Modification P00004 to contract N00604-00-P-A015." Def. App. 45.

13. Effective July 1, 1999, AHAC issued an insurance policy, No. 6414323, for a term of one year whereby AHAC agreed to insure Pacific Machinery against losses resulting from property damage including, among other things, business interruption and rental income. Def. App. 68-69; Compl. ¶ 8. The insurance agreement entered into by AHAC and Pacific Machinery included a subrogation clause providing that,

> [i]f, in the event of loss or damage, the Insured [Pacific Machinery] shall acquire any right of action against any individual, firm or corporation for loss of, or damage to, property covered hereunder, the Insured will, if requested by the Company [AHAC], assign and transfer such claim or right of action to [AHAC] . . . and will subrogate [AHAC] to, or will hold in trust for [AHAC] all such rights of action to the extent of the amount paid or advanced, and will permit suit to be brought in the Insured's name under the direction of and at the expense of [AHAC].

Def. App. 69.

14. On May 10, 2002, Pacific Machinery submitted a claim to the contracting officer, pursuant to the Contract Disputes Act ("CDA"), seeking $227,477.77 for property damage to the manlift and loss of monthly rental payments.[2] Def. App. 49, 55. In its claim, Pacific Machinery alleged, among other things, that the Government breached the contract by not returning the manlift to Pacific Machinery in as good condition as it had been received. Def. App. 50-51.

15. On May 10, 2002, Pacific Machinery also submitted an administrative claim to the Navy under the Federal Tort Claims Act ("FTCA") seeking $290,366.77 for property damage

---

[2] AHAC has not filed a CDA claim with the contracting officer.

to the manlift. Def. App. 59-61. Pacific Machinery claimed that it was entitled to recovery under the FTCA for physical damage to the manlift, loss of monthly rental payments, and lost rental income because the Government was allegedly "negligent in operating the Grove AMZ131XT manlift" by failing to perform proper operating procedures, properly train manlift operators, and warn operators of potential hazards. Def. App. 61.

16. On June 25, 2002, the Navy denied Pacific Machinery's tort claim because "[f]ederal employees did not cause the damage or injury through negligence in the course and scope of federal employment." Def. App. 62.

17. On September 10, 2002, James B. Powers, the contracting officer, issued a final decision denying Pacific Machinery's CDA claim. Def. App. 63.

18. Pacific Machinery and its general liability insurer, American Home Assurance Company, filed a complaint in this Court on August 11, 2003.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ TODD M. HUGHES
TODD M. HUGHES
Assistant Director

Of Counsel:

ELIZABETH RIVERA
Counsel
Fleet and Industrial Supply
Center
1942 Gaffney St.
Suite 100
Pearl Harbor, HI 96860
Tele: (808) 473-4144
Fax: (808) 473-2797

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Fax: (202) 353-7988

November 24, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 24, 2004, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK