**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PACIFIC MACHINERY, INC<br>94-025 Farrington Highway<br>Waipahu, Hawaii 96797-2201<br><br>and<br><br>PACIFIC MACHINERY, INC., FOR THE USE AND BENEFIT OF AMERICAN HOME ASSURANCE COMPANY<br>900 Dominion Tower<br>625 Liberty Avenue<br>Pittsburgh, PA 15222<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>Department of the Navy<br>Fleet and Industrial Supply Center<br>1942 Gaffney Street Suite 100<br>Pearl Harbor, Hawaii 96880-4549<br><br>and<br><br>Pearl Harbor Naval Shipyard<br>667 Avenue E Suite 100<br>Pearl Harbor, Hawaii 96860-5033<br><br>Defendant | No. 03-cv-01906<br>Judge Block |

**AMENDED COMPLAINT**

Plaintiffs, Pacific Machinery, Inc. and Pacific Machinery, Inc., for the use and benefit of American Home Assurance Company (collectively "Plaintiffs") complain against Defendant, United States of America, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. Sections 601-613 (hereinafter "CDA").

2. Venue is appropriate in the United States Court of Federal Claims because that is the proper Court to hear this matter based upon subsection 609(a)(1) of the CDA.

## PARTIES

3. Plaintiff, Pacific Machinery, Inc., is a corporation duly organized and existing under the laws of the State of Hawaii with a principal place of business at 94-025 Farrington Highway, Waipahu, Hawaii 96797-2201.

4. Defendant is the United States of America acting by and through its Department of Navy, Fleet and Industrial Supply Center ("FISC") and through its Pearl Harbor Naval Shipyard, and Intermediate Maintenance Facility ("PHNSY").

5. Defendant leased a Grove Model No. AMZ 131 XT, Serial No. 46173, Self-Propelled Aerial Work Platform ("the Manlift") from Pacific Machinery.

## STATEMENT OF FACTS

6. Pacific Machinery was the owner of the Manlift.

7. At all times relevant hereto, American Home issued a policy of insurance no. 6414323 to Pacific Machinery providing coverage for the Manlift.

## CLAIM FOR RELIEF

Breach of Contract

8. On September 29, 1999, Defendant and Pacific Machinery entered into a contract, no. N00604-99-T-A217, in which Defendant leased the Manlift from Pacific Machinery. A true and correct copy of this contract is attached hereto and marked as Exhibit "A", (Exhibits are attached to the original Complaint).

9. Contract #N00604-99-T-A217 ran from October 1, 1999 to September 30, 2000.

10. With regard to contract # N00604-99-T-A217 (Exhibit "A", page 5 of 23), Defendant agreed to the following:

> **RESPONSIBILITY FOR RENTED PROPERTY**
> Except for reasonable wear and tear, the Government agrees to return the rented property in as good condition as when received, provided, however, if the rented property is operated by an employee of the contractor, the Government shall not be liable for damage to the rented property incident to such operation.

11. Plaintiffs incorporate by reference any and all contracts, modifications or revisions to any contract entered between Defendant and Pacific Machinery pertaining to the Manlift at any time.

12. On or about May 20, 2000, Defendant's employees, including Leroy Fujii, acting within the course and scope of their employment with PHNSY, operated the Manlift.

13. As Defendant's employees operated the Manlift, an accident occurred resulting in the death of Leroy Fujii and damage to the Manlift.

14. The property damage to the Manlift was caused by Defendant's breach of contract with Pacific Machinery, which includes, but is not limited to, the following:

A. Defendant's failure to properly train operators of the Manlift and to ensure that it was operated at all times by a fully qualified operator;

B. Defendant's failure to perform pre-operation inspections and/or test safety functions of the Manlift prior to operation. A true and correct copy of the U.S. Department of Labor, Occupational Safety and Health Administration's September 13, 2000 Notice of Unsafe or Unhealthful Working Conditions in which the PHNSY is cited for two "serious violations" is attached hereto and marked as Exhibit "B".;

C. Defendant's failure to follow the manufacturer's instructions and/or recommendations for safe use of the Manlift;

D. Defendant's failure to use, operate, maintain, repair and care for the Manlift in a careful and prudent manner;

E. Defendant's failure to keep and maintain the Manlift in compliance with and in conformance to all applicable laws, statutes, ordinances, rules and regulations, and insurance policies that were applicable on or about May 20, 2000;

F. Defendant's failure to deliver the Manlift at Defendant's sole cost and expense to Pacific Machinery's place of business in as good condition as originally received, and in good mechanical and working order;

G. Defendant's failure to continue monthly rental payments to the date on which the contract expired; and

H. Otherwise failing to adhere to all provisions of the contract.

15. As a result of Defendant's breach of contract, Plaintiffs have sustained damage to its property, financial loss and other damages in amounts which will be proven at trial.

16. On or about May 10, 2002, Pacific Machinery timely commenced administrative procedures and presented a claim for damages to the Department of Navy for review and final decision pursuant to the CDA.

17. On or about September 10, 2002, the Department of Navy issued a written decision via facsimile and U.S. Mail denying Pacific Machinery's claim.

18. The decision by the Department of Navy is a final disposition of the claim presented by Pacific Machinery.

19. Pacific Machinery has exhausted all administrative remedies available to it.

20. Pacific Machinery is entitled to and has timely commenced this lawsuit pursuant to subsections 609(a)(1) and (a)(3) of the CDA.

21. Pursuant to the terms and conditions of the aforesaid policy of insurance issued to Pacific Machinery, American Home indemnified its insured to the extent of $141,457.77 for damage done to the Manlift, $36,000.00 for business interruption and/or rental loss, and $3,680.07 for storage and moving equipment fees. American Home received $30,150.00 in salvage value for the Manlift.

22. Pursuant to the application of its policy deductible, Pacific Machinery sustained an uninsured loss of $50,000.00.

**<u>RELIEF SOUGHT</u>**

WHEREFORE, Plaintiffs request that judgment be entered against Defendant as follows:

A. For general and special damages in amounts to be proven at the time of trial, which include, but are not limited to, property damage sustained to the Manlift ($141,457.77, with a salvage value of $30,150.00) business

interruption and/or rental loss ($36,000.00), storage and moving equipment fees ($3,680.07), and all other costs associated with the destruction of the Manlift by Defendant;

B. For Pacific Machinery's $50,000.00 deductible;

C. For prejudgment interest, attorney's fees and costs in amounts to be proven at trial; and

D. For such other and further relief that the Court may deem just and equitable.

Respectfully submitted,

Dated: April 27, 2005

By:________/s/__________/s/_________________

Nicholas G. Karambelas, Esq.
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, NW
Suite 300
Washington, D.C. 20004
Tel. (202) 661-4614
FAX (202) 363-2882
Email: nick@ngklaw.com

Attorney of Record for Plaintiffs

Of Counsel:

Brian E. Tetro, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103
Tel. (215) 864-7070
FAX (215) 789-6670

**<u>EXHIBIT A</u>**

**ATTACHED TO ORIGINAL COMPLAINT**

**EXHIBIT B**

**ATTACHED TO ORIGINAL COMPLAINT**